CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 9, 2013

LETTER TO COUNSEL

      RE:      *Zina Michelle Costley v. Commissioner of Social Security*;
                Civil No. SAG-12-2670

Dear Counsel:

      On September 7, 2012, claimant Zina Michelle Costley petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 18). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. Costley filed her claims for benefits on January 21, 2009, eventually amending her alleged onset date to October 1, 2009. (Tr. 11, 128-34). Her claims were denied initially on May 15, 2009, and on reconsideration on November 3, 2009. (Tr. 100-09, 111-12). On December 3, 2010, an Administrative Law Judge ("the ALJ") held a hearing. (Tr. 62-95). On February 24, 2011, the ALJ issued an opinion denying benefits. (Tr. 8-21). The Appeals Council denied Ms. Costley's request for review, (Tr. 1-5), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Ms. Costley suffered from the severe impairment of degenerative disc disease with leg weakness. (Tr. 13). Despite this impairment, the ALJ found that Ms. Costley had retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant has additional limitations that limit her to jobs which allow her to: (1) stand and/or walk at least 2 hours; (2) sit 6 hours; (3) never climb ladders, ropes, or scaffolds; (4) never crouch or crawl; (5) occasional climbing, balancing, stooping and kneeling; (5) [sic] no concentrated exposure to pulmonary irritants; and (6) [sic] have a sit/stand option.

(Tr. 14). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Costley could perform work existing in the local and national economy, and that she therefore was not disabled. (Tr. 16-17).

Ms. Costley makes several arguments in support of her appeal. While some of her arguments are unpersuasive, I agree that the ALJ provided insufficient explanation, at several points in his opinion, to permit my review for substantial evidence. For that reason, remand is warranted.

Beginning with the unpersuasive arguments, Ms. Costley first argues that the ALJ failed to consider the side effects of her medication. Pl. Mot. 37-38. In support of that contention, she essentially cites to her list of medications and the fact that each medication is known to cause side effects. *Id.* The record is devoid of evidence that any of Ms. Costley's medications actually cause her any disabling side effects, other than standard drowsiness. *See Johnson v. Barnhart,* 434 F.3d 650, 658 ("Drowsiness often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations.") (quoting *Burns v. Barnhart*, 312 F.3d 113, 131 (3d Cir. 2002)). In the absence of any argument that side effects actually suffered by Ms. Costley could have affected the outcome of the ALJ's analysis, any error in failing to consider side effects is harmless. Ms. Costley next contends that the ALJ erred by finding that she possessed no transferable skills, but then accepting VE testimony proposing skilled or semi-skilled positions. Pl. Mot. 38-39. In fact, the jobs proposed by the VE have nothing to do with transferability. Transferability simply addresses whether an applicant's past relevant work gives them particular skills that will assist them in a new position. The jobs identified by the VE in Ms. Costley's case do not require an applicant to have transferable skills in order to perform them. Moreover, since Ms. Costley's argument only applies to two of the five total jobs identified by the VE, even if those skilled and semi-skilled jobs were excluded, the ALJ would still properly find Ms. Costley "not disabled." Finally, Ms. Costley contends that the ALJ had to analyze her case under the "borderline age" rules applicable to the Medical-Vocational Guidelines. Pl. Mot. 39. Given the fact that more than six months elapsed between the ALJ's decision and Ms. Costley's fiftieth birthday, I cannot find that the ALJ erred in failing to find her to be "within a few days to a few months of reaching an older age category." *See* 20 C.F.R. § 404.1563(b).

However, the ALJ provided cursory analysis at several other points in the opinion, making it impossible to review the opinion for substantial evidence. Initially, at Step Two, the ALJ found "degenerative disc disease with leg weakness" to be the only severe impairment, but provided no analysis of Ms. Costley's other diagnosed impairments, including degenerative joint disease, obesity, neuropathy, or asthma. In fact, while Ms. Costley's knee issues and asthma are addressed in the ALJ's RFC analysis, obesity and neuropathy are not mentioned anywhere in the opinion. Even if the reason is, as the Commissioner submits, that they are not severe impairments, the ALJ should provide that analysis at Step Two to permit review of the rationale. Likewise, at Step Three, the ALJ submitted that, "No treating or examining physician has either offered an opinion or reported findings of listing level severity." (Tr. 13). That statement is incorrect, and the ALJ subsequently addressed the Medical Assessment of treating physician Dr. Lang suggesting that Ms. Costley's impairment meets Listing 1.02A. (Tr. 15, 398-400). While the mere shifting of the analysis from the Step Three to the RFC section of the opinion would not ordinarily be problematic, the misstatement at Step Three evidences the overall inadequacy of the ALJ's analysis in this case. The deficiencies continue during the RFC analysis. The ALJ

*Zina Michelle Costley v. Commissioner of Social Security*
Civil No. SAG-12-2670
September 9, 2013
Page 3

analyzes opinion evidence from two treating physicians, Dr. Lang and Dr. Mehta, and assigns "no weight" to both. (Tr. 15). The ALJ does not provide any information about what medical evidence he actually relies upon, and does not provide any evaluation of the opinion evidence from the state agency physicians. (Tr. 311-22; 364-71). Ultimately, the analysis provided by the ALJ is simply too sparse to permit adequate review of the conclusions. In so holding, I express no opinion as to whether the ALJ's final conclusion that Ms. Costley is not entitled to benefits is correct or incorrect.

For the reasons set forth herein, Ms. Costley's motion for summary judgment (ECF No. 14) and Defendant's motion for summary judgment (ECF No. 18) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                          Sincerely yours,

                                          /s/

                                          Stephanie A. Gallagher
                                          United States Magistrate Judge